IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pedro Garcia, ) | C/A No. 0:10-2728-HMH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Edgefield Federal Prison; Mary Mitchell, ) | |
| *Warden*; Mr. Acosta, *Assist. Warden*; Mr. ) | |
| Collie, *Captain*; Mr. Clark, *Lt.*; Mr. Holet, *Lt.*; ) | |
| Mr. Neal, *C Unit Manager*; Mr. Mahomes, *A* ) | |
| *Unit Manager*; Mr. Boltin, *A 4 Counselor*; Mr. ) | |
| Johnson, *C 1 Counselor*; Mr. Santiago, *S.I.S.*; ) | |
| Roper, *Unit Officer*; Upson, *Unit Officer*; ) | |
| Flores, *Unit Officer*; Kate, *Unit Officer*; ) | |
| Martin, *Unit Officer*; Green, *Unit Officer*; ) | |
| Evans, *Unit Officer*; Mrs. Jones, *A 4 Case* ) | |
| *Manager*; Morgan, *Officer;* Kepner, ) | |
| *Education*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Pedro Garcia ("Garcia"), a self-represented federal prisoner, filed this civil rights matter pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss Garcia's Complaint. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Garcia of the summary judgment and dismissal procedures and the possible

---

[1] In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).

Page 1 of  8

consequences if he failed to respond adequately to the defendants' motion. (ECF Nos. 19.) Garcia responded in opposition to the defendants' motion. (ECF No. 25.) Having carefully considered the parties' submissions and the applicable law, the court finds that the defendants' motion to dismiss should be granted.

## BACKGROUND

The incidents that are the subject of Garcia's Complaint have occurred during his incarceration at FCI-Edgefield, an institution of the Bureau of Prisons. Garcia contends that on or about March 18, 2010, he and approximately 100-125 Mexican inmates were moved from the general prison population to a special housing unit ("SHU") due to a fight that occurred among a "few inmates." (Compl., ECF No. 1 at 2-3.) Garcia alleges that an investigation of the Mexican inmates occurred to "find out who did what." (Id. at 2.) Garcia alleges that as a result of this placement he was denied "outside recreation, access to the law books and materials, inmates had to go on food strike, in order to get the officers attention, and to be released back on to the compound with other inmates." (Id. at 3) (errors in original). Garcia asserts that during the six months he was in SHU none of the Mexican inmates was charged with a disciplinary violation. Garcia also alleges that he was placed in SHU by the Warden and her staff because he is Mexican.

## DISCUSSION

**A.     Motion to Dismiss Standards**

The defendants have moved for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere



evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Official Capacity Claims**

The defendants correctly assert that the court lacks subject matter jurisdiction over Garcia's claims for damages against the defendants in their official capacities because of the doctrine of sovereign immunity. To the extent Garcia seeks damages against the defendants in their official capacities, they are indeed protected by sovereign immunity. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) (holding that an official capacity suit "generally present[s] only another way of pleading an action against an entity of which an officer is an agent" and "is, in all respects other than name, to be treated as a suit against the entity") (internal quotations omitted); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity").

**C.     Exhaustion of Administrative Remedies**

The defendants also argue that Garcia's Complaint should be dismissed for failure to exhaust his administrative remedies. A prisoner must exhaust his administrative remedies as required by the



Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a).  Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review.  See Booth v. Churner, 532 U.S. 731 (2001).  Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739).  Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*."  Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007).  The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

      The Bureau of Prisons ("BOP") has a three-tiered administrative grievance process.  See 28 C.F.R. §§ 542.10 et seq.  An inmate may first seek to informally resolve his complaint by filing Form BP-8, and if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP-9) within twenty calendar days following the date on which the basis for the complaint occurred.  28 C.F.R. §§ 542.13, 542.14(a).  If the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within twenty

calendar days of the date of the Warden's response by filing Form BP-10. 28 C.F.R. § 542.15. Finally, the inmate may appeal this decision to the General Counsel within thirty calendar days of the Regional Director's response by filing Form BP-11. Id.

In this case, the defendants argue that Garcia has failed to properly complete all of the required steps of the grievance process. In August 2010, Garcia filed a BP-9, which was rejected for untimeliness. (See Lathrop Decl. ¶ 4 & Attach., ECF No. 18-1 at 2.) Garcia subsequently filed a BP-10 and BP-11, which were also rejected for untimeliness. (Id. ¶¶ 6-7, ECF No. 18-1 at 3.) Garcia asserts that he could not timely exhaust his remedies because the staff denied him access to the necessary forms for four months. (See Compl. Attach., ECF No. 1-1 at 1.) However, the defendants have declared that BOP Program Statement 1330.16 provides that when an administrative remedy request is untimely due to no fault of the inmate, "the inmate should request an extension of time and resubmit his administrative remedy with written verification from a staff member verifying the delay was through no fault of the inmate," and there is no evidence that Garcia submitted any such request. (Id. ¶¶ 5-8, ECF No. 18-1 at 2-3.) Therefore, the defendants argue that this matter must be dismissed for failure to properly exhaust his administrative remedies.

In response to the defendants' argument, Garcia reiterates that he is not at fault for failing to exhaust his administrative remedies because he was denied the proper forms. (Pl.'s Resp. in Opp'n to Mot. to Dismiss, ECF No. 25 at 2; see generally Trujillo & Garcia Decls., ECF Nos. 25-1 & 25-2.) However, Garcia has not submitted any documents or argument that he sought an extension of time to file his BP-9 or otherwise complied with Program Statement 1330.16. Garcia's argument that he was prevented from exhausting his administrative remedies by generally stating that he asked for administrative forms and was not timely provided them, cf. Hill v. O'Brien, 387 Fed. Appx. 396

(4th Cir. July 12, 2010); Hill v. Haynes, 380 Fed. Appx. (4th Cir. June 2, 2010), is insufficient to refute the defendants' showing that he failed to properly exhaust his administrative remedies. See Woodford, 548 U.S. at 90; Jones, 549 U.S. at 218. Therefore, even taking the evidence in the light most favorable to Garcia, the record shows that he failed to properly exhaust his remedies.[2]

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss (ECF No. 18) be granted. In light of this recommendation, the court further recommends that any other pending motions be terminated. (ECF No. 26.)

                                                           Paige J. Gossett
                                                           UNITED STATES MAGISTRATE JUDGE

June 14, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Moreover, even if Garcia's claims were properly exhausted, most if not all of Garcia's claims would be subject to dismissal for the alternative reasons argued in the defendants' memorandum in support of their motion to dismiss, which allege that Garcia's pleadings fail to comply with Federal Rule of Civil Procedure 8(a)(2) and fail to state a claim upon which relief can be granted. (See ECF No. 18 at 11-28.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).